NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT DEAN MARTIN, | No. 14-35769 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05787-KLS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted January 18, 2018**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Scott Martin appeals the district court's decision affirming the

Commissioner of social Security's denial of Martin's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

In determining that Martin retained the residual functional capacity (RFC) to perform less than the full range of light work, the administrative law judge (ALJ) properly accounted for all limitations supported by substantial evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Substantial evidence supports the ALJ's conclusions regarding limitations resulting from obesity and pain. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (explaining that this Court will defer to the ALJ's RFC determination when the evidence before the ALJ is subject to more than one rational interpretation). The ALJ properly rejected medical opinion evidence regarding crouching and lifting by discussing other evidence in the record that contradicted those limitations. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (concluding that the ALJ provided specific and legitimate reasons to reject a treating physician's opinion by discussing other evidence in the record that contradicted the opinion); *Batson*, 359 F.3d at 1198 (resolving conflicting evidence regarding functional limitations is ALJ's duty). Because substantial evidence did not show that obesity or pain disorder had more than a minimal effect on Martin's ability to work prior to his date last insured, the ALJ did not err by finding that obesity was not a severe impairment and not

2                                                          14-35769

considering whether pain disorder was a severe impairment. *See Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (holding that an ALJ properly finds an impairment is not severe when the medical evidence establishes that it has no more than a minimal effect on the claimant's ability to work). No substantial evidence includes additional non-exertional limitations arising from obesity, pain, or carpal tunnel syndrome that the ALJ failed to include in the RFC. *See Batson*, 359 F.3d at 1198. Any error in failing to include additional limitations is harmless. *See Stubbs-Danielson*, 539 F.3d at 1174 (holding that failure to include limitations in the RFC is harmless when the ALJ identified jobs that accommodate those limitations).

The ALJ provided several clear and convincing reasons supported by substantial evidence to find Martin's testimony not credible regarding the severity of his symptoms. First, objective medical evidence was inconsistent with the alleged limitations. *See Molina*, 674 F.3d at 1113. Second, no physician opinions corroborated the alleged severity of Martin's limitations. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (including lack of supporting medical evidence as one factor that an ALJ can rely on in discrediting claimant testimony). Third, the ALJ relied on internal inconsistencies in Martin's statements throughout the record to discredit his testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Fourth, failure to comply with treatment recommendations was inconsistent with the alleged severity of Martin's symptoms. *See Molina*, 674 F.3d at 1113-14

3 14-35769

(concluding that an ALJ may discredit claimant testimony based on an unexplained or inadequately explained failure to complete a course of treatment).

The ALJ properly rejected Ms. Venable's testimony because it largely reiterated Martin's own testimony and was inconsistent with the objective medical evidence. *See Molina*, 674 F.3d at 1122 (holding that any error in rejecting lay testimony is harmless when the lay testimony is discredited by the same evidence used to discredit the claimant's testimony); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason to reject lay testimony).

The hypothetical posed to the VE by the ALJ properly incorporated the limitations that the ALJ identified in Martin's RFC. *See Stubbs-Danielson*, 539 F.3d at 1175-76 (explaining that the appellant's contention of error at step five fails to raise a fresh issue when it restates the appellant's arguments of error in assessing the RFC).

**AFFIRMED.**

14-35769